■ In the Matter of the Claim of MICHAEL W. BURKE, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29; 1975, which affirmed the decision of a referee sustaining the initial determinations of the Industrial Commissioner holding claimant ineligible to receive benefits effective May 26, 1975 on the ground that he was not available for employment, and holding further that the claimant willfully made false statements to obtain benefits by reason of which a forfeiture of four effective days was imposed as a penalty in reduction of his future benefit rights. Claimant, who was employed as a driver, part-time salesman and flower cutter, was asked to clean a bathroom by the employer's wife. When he refused to do so, his employment was terminated. When claimant filed for benefits, however, he gave as the reason for his loss of employment "slow". The board found that claimant was discharged and did not quit his job. Since cleaning a bathroom was not part of his original terms of hire, the board properly found that claimant did not voluntarily leave his employment without good cause. However, since claimant gave an incorrect reason for loss of his employment, substantial evidence supports the finding of the board that claimant willfully made false statements to obtain benefits. Furthermore, substantial evidence supports the determination of the board that claimant was not available for employment. Decision affirmed, without costs. Greenblott, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of ELIZABETH K. HOKA, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 4, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective February 21, 1975 because she had refused employment, for which she was reasonably fitted by training and experience, without good cause. It appears from claimant's statements that she refused an offer of employment as a housekeeper because the salary for the position was too low and because it entailed some cleaning duties which she had not been required to undertake at her previous employment. However, substantial evidence supports the finding that she was generally suited by training and experience to perform such work and that the salary for the position was within the prevailing wages for a housekeeper. Since the existence of good cause for the refusal was a factual issue upon which the board made its findings based on substantial evidence, the decision of the board must be affirmed (Matter of De Witt [Levine], 50 AD2d 683). Decision affirmed, without costs. Greenblott, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.